DA 11-0046

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 187N

DOUGLAS R. BOESE,

      Plaintiff and Appellant,

  v.

BRUCE MILLER, et al.,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Powell, Cause No. DV 09-32
Honorable Ray Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Douglas R. Boese, (self-represented litigant); Deer Lodge, Montana

      For Appellee:

      Steve Bullock, Montana Attorney General; Brenda K. Elias, Special
Assistant Attorney General, Montana Department of Corrections;
Helena, Montana

Submitted on Briefs:  June 29, 2011

Decided:  August 2, 2011

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Douglas R. Boese, a self-represented litigant, appeals the order entered by the Third Judicial District Court, Powell County, granting summary judgment to the Defendants.

¶3 Boese was incarcerated at Montana State Prison at all times relevant to this appeal. This action arises out of a search conducted of Boese's prison cell on September 19, 2006. The search revealed several items considered contraband under prison policy, including a foot locker belonging to another inmate, and art supplies and cardboard in amounts exceeding what is permitted by policy. Defendant Bruce Miller conducted the search and filed an Infraction Report against Boese for possessing another inmate's property. Regarding the other contraband, Miller gave Boese the option of mailing the excess items to relatives outside the prison or throwing the items away. Boese placed the items in the garbage and Miller did not write up Boese for this violation. Boese filed a grievance against Miller regarding the search, but the Prison informally resolved the grievance adverse to Boese's claim.

¶4    Boese filed this action and sought damages, alleging conversion, trespass to chattels, intimidation, mistreatment, assault, negligence, and constitutional violations. After discovery was initiated, Boese moved for partial summary judgment on the conversion and trespass to chattels claims. The Defendants opposed the motion but agreed that there were no genuine issues of material facts. The Defendants then filed a motion for summary judgment on all claims, as well as a motion to dismiss Boese's claims of intimidation, mistreatment and assault. The District Court held these motions in abeyance until the time for discovery had lapsed, after which it gave the parties an opportunity to supplement their requests for summary judgment.

¶5    Boese made factual assertions which were disputed by the Defendants but which the District Court assumed to be true for summary judgment purposes, including that Miller had failed to issue a receipt for the seized contraband, that Miller had told Boese to "back off" his complaints about the search, that Defendant Marty Mavrinac had told another inmate "[t]ell Boese that I'm not done with him yet," and that Mavrinac had pushed Boese during a search apparently conducted at a later time.

¶6    The District Court extensively analyzed all of Boese's claims. Reasoning that Boese had "no legitimate interest in contraband," the court ruled that he was not entitled to compensation for his property-related claims of conversion and trespass to chattels. Regarding Boese's intentional tort claims, the court reasoned that, while it was "not convinced that there are no set of facts under which an inmate could recover for assault, mistreatment, or retaliation as the Prison has suggested," it also understood that these

torts were subject to a unique analysis "in the [p]rison context." The court determined that "Boese has not shown entitlement to damages under any of the theories that he has alleged," noting for several claims a lack of citation to legal authorities and that a court "cannot be obligated 'to conduct legal research, guess at precise positions, or develop legal analysis that may lend support to the parties' positions,'" quoting *Stevens v. Novartis Pharms. Corp.*, 2010 MT 282, ¶ 85, 358 Mont. 474, 247 P.3d 244, or otherwise "relieve the obligation of the parties to explain their entitlement by reasonable citation to legal authority and argument." Regarding the negligence claim, the court reasoned that Miller and Mavrinac fulfilled all duties they owed to Boese, with the possible exception of failing to issue a receipt to Boese for the items placed in the trash. However, because Boese could claim no interest in contraband, he could not establish any loss. Regarding his constitutional violations, which the court noted were "asserted variably throughout his filed documents," the court reasoned that Boese had not explained how the process he had received in the grievance procedure was insufficient, except to say he disagreed with the outcome. In conclusion, the court opined "how unlikely some of Boese's assertions are," and that it was "far more likely that Boese has overstepped what he can prove," noting a lack of "any evidence supporting his assertions of *abuse* whether intentional or negligent at the hands of Miller or Mavrinac." The court granted summary judgment to the Defendants on all claims, and also denied Boese's motion for partial summary judgment based upon the assertion that Defendants had failed to timely respond to his discovery requests.

¶7 On appeal, Boese challenges the District Court's order on the grounds that genuine issues of material fact prohibited summary judgment, particularly with regard to his claims against Mavrinac, and that the court failed to "judicially admit unanswered requests for admission." (Emphasis omitted.)

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Having reviewed the briefs and the record on appeal, we conclude that the appellant has not met his burden of persuasion in demonstrating error.

¶9 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS